IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF NEW MEXICO,**

    Plaintiff,

v.                                                                        CR No. 03-00573-WJ

**PAUL JESSE ORNELAS, JR. et al.,**

    Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANT RONDALE GASKIN'S MOTION TO DISMISS THE INDICTMENT

**COMES NOW**, Defendant Rondale Gaskin, by and through counsel Jerry A. Walz, Walz and Associates, hereby submits this motion to dismiss the indictment.

As an initial matter, the Overt Act 8 alleged in Count 1, as well as Count 3, should be dismissed for misstating material facts before the grand jury. Prosecutorial misconduct during proceedings before a grand jury may include misstating material facts. *See, e.g., Unites States v. Williams*, 504 U.S. 36, 60 (1992). When presenting evidence to the grand jury regarding the Overt Act 8 alleged in Count I, as well as the evidence supporting Count 3, the prosecutor improperly allowed the witness to testify to false facts. In particular, the prosecutor allowed the witness to testify that the apartment located 932 San Pedro #4 belonged to Defendant Rondale Gaskin, thereby allowing the grand jury to infer that a gun located in the apartment belonged to him. *See* Defendant's Exhibit A. In addition, the prosecutor allowed the witnesses to testify that Defendant Rondale Gaskin tried to leap out of a window. *See id.*

However, these factual assertions were clearly contrary to the facts. The police reports indicated that the apartment did not belong to Defendant Rondale Gaskin, and the individual who attempted to leap out of the window was Defendant Donnell Gaskin, the brother of Defendant Rondale Gaskin. *See* Defendant's Exhibit B. By allowing the grand jury to consider these false and prejudicial alleged facts, the grand jury was materially mislead in returning a probable cause determination on Over Act 8 alleged in Count 1, as well as Count 3. Accordingly, these items must be dismissed due to actual prejudice.

Moreover, Defendant Rondale Gaskin maintains that the entire indictment should be dismissed due to very inflammatory, misleading, and prejudicial comments by the Government regarding the state judicial system. An indictment may be dismissed where the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair. *See People of Territory of Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993). Such unfairness may be exhibited when the prosecution's conduct impairs the grand jury's ability to exercise independent judgment. *See Bank of N.S. v. United States*, 487 U.S. 250, 259 (1988).

In this case, the Government made sweeping and inaccurate comments about the alleged inadequacies of the state criminal judicial process. *See* Defendant's Exhibit C. In fact, the Government went so far as stating that the grand juror should "write your legislature." *See id.* By inappropriately commenting on alleged inadequacies of the state criminal judicial process, the grand jury proceedings were rendered fundamentally unfair as the felt a compulsion to act in order to correct the alleged systematic inadequacies of the state criminal judicial process. This undue influence is exhibited by a comment of a

grand juror, wherein the individual stated: "There's nothing we can do as a Grand Jury?" *See id.* Accordingly, the entire indictment is subject to dismissal to the actual prejudice caused by the Government's inflammatory, misleading, and prejudicial comments regarding the state judicial system.

**WHEREFORE,** Defendant Rondale Gaskin respectfully requests the Overt Act 8 alleged in Count 1, as well as Count 3, must be dismissed for misstating material facts before the grand jury, and further requests that the entire indictment be dismissed due to certain inflammatory, misleading, and prejudicial comments by the Government regarding the state judicial system.

Respectfully submitted,

 ELECTRONICALLY FILED
Jerry A. Walz
Walz and Associates
Attorney for Rondale Gaskin
12009 N. Highway 14
Cedar Crest, NM  87008
(505) 281-3414

**Certificate of Mailing:**

I hereby certify that a true and accurate copy of the foregoing pleading was mailed to the following counsel of record this March 22, 2004:

Elaine  Ramirez, AUSA
U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM  87103

Thomas English, Esq.
Attorney for Defendant Donnell Gaskin
4001 Indian School Road NE #210
Albuquerque, NM 87110

John Samore, Esq.
Law Office of John F. Moon Samore
Attorney for Defendant Dixon
P.O. Box 1993
Albuquerque, NM 87103-1993

Joseph N. Riggs, Esq.
Attorney for Defendant Ornelas
20 First Plaza #303
Albuquerque, NM 87102

Edward O. Bustamante, Esq.
Attorney for Defendant Britt
610 Gold, SW #214
Albuquerque, NM 87102

Roberto Albertorio, Esq.
Attorney for Defendant Crockett
P.O. Box 2769
Albuquerque, NM 87199-1387

Martin Lopez, III, Esq.
Attorney for Defendant Younger
1500 Mountain Rd, NW
Albuquerque, NM 87104

<u>ELECTRONICALLY FILED</u>
Jerry A. Walz, Esq.